IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD SHAMBURGER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. KIRKLAND, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 07-4597 JSW (PR)<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS NOT WARRANTED** |

**INTRODUCTION**

Plaintiff, currently incarcerated at Pelican Bay State Prison ("PBSP"), has filed this civil rights complaint regarding the conditions of his confinement at the prison. Plaintiff has also filed a motion to proceed *in forma pauperis*, which is GRANTED in a separate order. This Court now reviews the Complaint pursuant to 28 U.S.C. § 1915A and serves certain claims as set forth below.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**ANALYSIS**

I.  Claims Pertaining to Gang Validation and Placement in SHU

Plaintiff claims that his indefinite administrative segregation in PBSP's Secured Housing Unit ("SHU") based on his "validation" as a gang member violates: (1) his rights under the Due Process Clause, (2) his right to due process under the California Constitution, and (3) a state created liberty interest protected by his federal right to due process. He further claims that his confinement in the SHU violates his First Amendment rights because it was done in retaliation for his exercise of such rights, i.e. his assisting other inmates as a "jailhouse lawyer." Lastly, he claims that his retention in the SHU violates his Eighth Amendment rights because he was placed there "maliciously" and because of the inhumane conditions in the SHU.

The hardship associated with administrative segregation, such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, is not so severe as to violate the Due Process Clause itself. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986) (applying *Hewitt v. Helms*, 459 U.S. 460 (1983)). Consequently, Plaintiff's first cause of action, based on the Due Process Clause itself, fails to state a cognizable claim for relief and will be DISMISSED. The remaining causes of action pertaining to Plaintiff's placement and retention in the SHU are, when liberally construed, cognizable.

II  Joinder of Claims

Federal Rule of Civil Procedure Rule 20 provides,

2

> All persons. . .may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

F. R. Civ. P. 20(a). Further, Rule 21 provides that where parties are misjoined, they may be "dropped or added by order of the court . . .on such terms as are just. F. R. Civ. P. 21; *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997).

Plaintiff asserts two unrelated claims against different defendants: (1) that he was denied access to the courts based on his 30-day suspension of access to legal materials deriving from 1995 disciplinary proceedings;[1] and (2) that Defendant Sue Risenhoover, a Nurse Practitioner at PBSP, provided him inadequate medical care because she did not refer him to a doctor for his back condition. These two claims do not involve the same transaction, occurrence or series of transactions or occurrences as plaintiff's validation as a gang member and consequent placement and retention in the SHU. As such, these two claims, which are identified in the complaint as the sixth and eighth causes of action, are DISMISSED without prejudice to asserting them in another action.

III.   Additional Defendants

Plaintiff alleges that Defendant M. Nimrod failed to properly process and address his administrative grievances. Such allegations do not state a cognizable claim for relief under § 1983. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no constitutional right to a prison administrative appeal or grievance system). Accordingly, any claims against Nimrod will be DISMISSED. Finally, Plaintiff lists M. Castellaw, L. Williams, and D. Kays as Defendants, but he makes no allegations against them in the complaint, let alone how their actions might have caused a violation of Plaintiff's constitutional rights. Consequently, the claims against these Defendants will

---

[1] The court notes that this claim may also be untimely and duplicative of the claims raised and dismissed in Shamburger v. Ayers, No. 95-1086 (See Pl.'s Decl. Ex. C (attached to Complaint.)

3

be DISMISSED.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states cognizable claims against Defendants R. Kirkland, T. Jourden, G. Ater, M. Pena, M. Scott, C. McGuyer, P. Smith, D. Bruce, R. Hernandez, B. O'Neill, M. Foss, D. Morton, M. Randolph, M. Cook, G. Stewart, M. Ruff, and Everett W. Fischer. All other Defendants are DISMISSED and the Clerk shall TERMINATE them from this action.

2. The Clerk of the Court shall issue summons and the United States Marshal shall Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the Complaint and all attachments thereto, and a copy of this order upon: **R. Kirkland, T. Jourden, G. Ater, M. Pena, M. Scott, C. McGuyer, P. Smith, D. Bruce, R. Hernandez, B. O'Neill, M. Foss, D. Morton, M. Randolph, M. Cook, G. Stewart,** at **Pelican Bay State Prison** and upon **M. Ruff, and Everett W. Fischer** at the **California Department of Corrections and Rehabilitation, Law Enforcement Investigations Unit** in **Sacramento, California.** The Clerk shall also <u>mail a courtesy copy of the complaint, all attachments thereto, and this order to the California Attorney General's Office</u> and serve a copy of this order on Plaintiff.

3. No later than **sixty (60) days** from the date of this order, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

    a. If defendants elect to file a motion to dismiss on the grounds that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants **shall** do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune,

315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due</u>**.

All papers filed with the Court shall be promptly served on the Plaintiff.

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.

a. In the event the defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003):

> If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.
> You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.
> If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.

b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary

      judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

     5. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

     6. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

     7. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

     8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

     9. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: April 1, 2008

_____
JEFFREY S. WHITE
United States District Judge