# EXHIBIT B

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region      Log No.              Category
1. PBSP                                   D92-01353           10 602 695
2. _____                                2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| SHAMBURGER | #D16530 | INDET. SHU | #D10-201 |

A. Describe Problem: SUBJECT: THIS SERVES AS WRITTEN NOTICE THAT PBSP's APPEALS COORDINATOR M.J. NIMROD CONTINUES TO DENY THIS APPELLANT HIS CONSTITUTIONAL RIGHT UNDER THE FIRST AMENDMENT — RIGHT TO SEEK REDRESS OF PBSP STAFF ERRONEOUS ACTION W/OUT HARASSMENT AND/OR RETALIATION. PETITIONER SUBMITS THAT IN THE TWO (2) FOLLOWING INSTANCES, THAT PBSP's APPEALS COORDINATOR M.J. NIMROD HAS ERRONEOUSLY DENIED HIM AN OPPORTUNITY TO APPEAL — SEEK REDRESS PURSUANT THE INSTITUTIONAL APPEALS PROCESS. #1.) ON MAR 15 2002 M.J. NIMROD FALSELY ALLEGED THAT APPELLANT'S IIM 602 SEEKING REIMBURSEMENT FOR THE DESTRUCTION OF HIS PERSONAL PROPERTY [A UNISSUED SWAHILI DICTIONARY] PRIOR TO A SECOND LEVEL DISPOSITION AS "DUPLICATE" OF APPELLANT'S APPEAL LOG NO. PBSP-d-01 2688 SEE APPELLANT'S

If you need more space, attach one additional sheet. ATTACHED EXHIBIT A. ( CONT. PAGE 2 )

B. Action Requested: THIS APPELLANT REQUEST THAT THE WARDEN'S OFFICE RE-INSTATE THE TWO (2) FOREMENTIONED IIM APPEALS — TO AFFORD THIS APPELLANT AN OPPORTUNITY TO SEEK REDRESS PURSUANT THE INSTITUTIONAL APPEALS PROCESS AND THAT MR. NIMROD BE REPRIMANDED — FOR HIS MALICIOUS ACTIONS, DENYING THIS APPELLANT HIS RIGHT TO THE INSTITUTIONAL APPEALS PROCESS.

Inmate/Parolee Signature: _Shamburger_                         Date Submitted: 5-6-02

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

**BYPASS**

Staff Signature: _____                                       Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____                                             Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed   CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

MAY 23 2002

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____
Interviewed by: _____

_____
_____
_____ BYPASS _____
_____
_____
_____
_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                              Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____
_____ BYPASS _____
_____
_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____
G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____[signature]_____ Date Completed: 6/19/02
Warden/Superintendent Signature: ___J. Schwartz___ CDW __ Date Returned to Inmate: 6-26-02

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____
_____
_____
_____
_____
_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
                                                    P.O. Box 942883
                                                    Sacramento, CA 94283-0001
                                                    Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
                                                                        Date: _____

CDC 602 (12/87)

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: JUN 26 2002

Inmate SHAMBURGER, D-16530
Pelican Bay State Prison
Facility D, Security Housing Unit
Building 10, Cell 201

RE: WARDEN'S LEVEL DECISION
APPEAL LOG NO. D-02-01353

APPEAL: PARTIALLY GRANTED
ISSUE: LEGAL

This matter was reviewed by JOE MCGRATH, Warden, Pelican Bay State Prison (PBSP). Correctional Counselor II J. Case interviewed the inmate on June 14, 2002.

## ISSUES

Inmate has filed Appeals on two separate and distinct issues. The PBSP Appeals Coordinator screened out both of these Appeals. The first Appeal concerns the disposition of a contraband dictionary stopped from delivery to the inmate. This Appeal was rejected as a duplicate. The second Appeal objects to a document used in validating this inmate as an active gang member. This Appeal was rejected as it was not filed in a timely manner.

## FINDINGS

### I

On March 28, 2002, the Appeals Office received an Appeal from this inmate concerning the disposition of a Swahili-English dictionary stopped from delivery to the inmate. This had been stopped from delivery to the inmate as PBSP has a policy banning Swahili dictionaries. The inmate appealed this decision. The PBSP log number for this Appeal is PBSP-01-2688. This Appeal was denied through the Third Level. The Second Level Appeal was denied on February 7, 2002, and received by the inmate on February 11, 2002. The CDC 1819 on file in Receiving and Release states that this package was held pending investigation and appeal. It was destroyed on February 11, 2002. The different Appeal responses have been reviewed. None of the Appeal responses address the issue of disposition of this contraband.

### II

On December 12, 2001, the Institutional Classification Committee for Pelican Bay State Prison reaffirmed retention of this inmate in the Security Housing Unit (SHU) for an Indeterminate term based upon active association with a prison gang. Per the date entered by the inmate on the Appeal, the inmate filed an Appeal on March 29, 2002. The Appeal questioned the grounds for his retention in the Security Housing Unit on an Indeterminate term. The Appeal included specific allegations about a CDC 128-B of February 2, 2000. On April 24, 2002, this Appeal was rejected by PBSP Appeals Coordinator M.J. Nimrod, as the appeal was not filed within the 15 working day time limit.

Supplement Page 2
Shamburger, D-16530
Appeal # PBSP-D-02-01353

### III

When interviewed on June 14, 2002, the inmate claimed he was appealing the CDC 128-B of February 2, 2000. The inmate claims he did file an Appeal on this CDC 128-B in a timely manner. The inmate claims that his Appeal was rejected because he failed, at that time, to show that this CDC 128-B was anything more than informational; and therefore, the inmate had failed to show that this CDC 128-B had produced an adverse consequence. As evidence of this claim, the inmate attached a copy of an Appeals Screening Form stamped April 25, 2000, rejecting an Appeal, as it is an Appeal of an anticipated action. Per this inmate, this rejected Appeal was the Appeal of the information given in the CDC 128-B of February 2, 2000.

### DETERMINATION OF ISSUE

In response to the Appeal denied as a duplicate, this is not a duplicate issue under the specific circumstances of this Appeal. The issue for the original Appeal was the institutional ban on Swahali dictionaries. The issue for the more recent Appeal was the disposition of the Swahali dictionary at issue in the first Appeal. The inmate contends the dictionary was not held for Appeal review, which is not accurate. The dictionary was disposed four days after completion of the Second Level Review. The inmate indicated he wished to appeal the destruction of his dictionary. While this issue could have been addressed in the first Appeal, it was not. Since the dictionary was destroyed 11 days early, and the inmate may not have known this when he filed Appeal number 01-0688 to Third Level, his Appeal will be processed.

In response to the Appeal denied as not filed in a timely manner, the issue is confused. The confusion concerns the date that triggers time constraints. While the inmate objects to the information in the CDC 128-B of February 2, 2000, the real issue appears to be retention in Indeterminate Security Housing Unit as a validated gang member. There is no evidence at this date whether the inmate actually filed an Appeal timely on the 128-B of February 2, 2000. Given this confusion, the reasonable response is allowing the inmate to file an Appeal of the decision that he remains an active member of a prison gang.

The Appeal is PARTIALLY GRANTED. While PBSP Appeal number 01-2688 resolves denial of the Swahali dictionary, it does not resolve its disposition. The inmate may resubmit the rejected Appeal dated March 10, 2002, for processing limited to the issue of the disposition of the Swahali dictionary. This means sending the Appeal to SHU Property, requesting an Informal Response on this issue. This Appeal must be filed within 15 working days of receiving this response. The inmate may file an Appeal on the determination that this inmate remains actively involved in a prison gang within the last six years. The inmate should complete an Appeal of his active status as a gang member and forward this to the PBSP Appeals Coordinator. Once again, this Appeal must be filed within 15 days of receiving this response. The request for the Appeal Coordinator to be reprimanded is denied; as discussed above, the Appeals filed by the inmate were nonspecific and did not include all information necessary to determine the issues, therefore misleading the Appeals Coordinator during the screening process

### MODIFICATION ORDER

No modification of this decision or action taken is required.

*V. Schwartz*
JOE MCGRATH
Warden
Pelican Bay State Prison