# EXHIBIT C

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION



Date: JAN 17 2007

In re: Shamburger, D-16530
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0605601      Local Log No.: PBSP 06-01933

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Burleson. All submitted documentation and supporting arguments of the parties have been considered.

I  APPELLANT'S ARGUMENT: It is the appellant's position that he has been denied his right to a timely and meaningful 180-day review pursuant to California Code of Regulations, Title 15, Section (CCR) 3341.5. He also asserts that he has been denied a Departmental Review Board (DRB) hearing from February 2000 through March 2006 such that he may be released from the Security Housing Unit (SHU) if he is designated inactive in regard to gang status. The appellant challenges three source items used in denying his DRB review. First, the CDCR can no longer rely on hearsay from confidential informants. Second, the information was filled in by prison officials, and finally, had the confidential informant known the appellant, he would not be confused with "Rafiki Blackness." In regard to another source item, the allegation that it is a gang roster is wholly incorrect when in it is a part of a freedom and justice project challenging living conditions within the SHU pursuant to CCR 3084.2. The third source item the appellant challenges is said to be a roster, when in it is a list of individuals involved in class-action complaints with the appellant. The appellant requests a DRB review to determine his suitability for release to the general inmate population.

II  SECOND LEVEL'S DECISION: The reviewer found that the appellant is validated as an active member of the Black Guerrilla Family (BGF). The Second Level of Review reviewed the gang validation update compiled on the appellant along with the requirements pursuant Alameida v. Castillo settlement agreement. The reviewer found that the appellant was afforded the investigative process for active/inactive review. The last dated activity among the documents accepted for validation is January 2006. This means that the appellant is not eligible for another gang status update until January 2012. Investigative staff addressed the due process requirements in the CDC Form 128-B, General Chrono, dated March 31, 2006, and articulated gang activity. The appellant was afforded an opportunity to address the documentation used, prior to review and determination by the Law Enforcement Investigation Unit (LEIU). The LEIU reviewed and endorsed the continuation of active BGF membership status.

III  DIRECTOR'S LEVEL DECISION: Appeal is denied.

A. FINDINGS: The institution has adhered to the provisions of CCR 3378 and CDC Operations Manual Section 52070 in referring the appellant to the LEIU relative to his gang activity. The Director's Level of Review (DLR) reviewed the validation documentation and notes that a committee of LEIU special agents determined that sufficient information exists to corroborate gang activity. The appellant's association with the prison gang has been appropriately reviewed by the LEIU and documented on a CDC Form 128-B2, Gang Validation/Rejection Review Chrono. While the appellant is challenging this information as false, he has not presented specific information on his behalf to contradict the validation. Pursuant to CDCR regulations, the debriefing process is the only method by which the appellant could be released from the SHU. All departmental regulations have been followed, and the appellant's allegations that staff have failed to follow established procedures lacks merit. The DLR notes that the appellant contends that the confidential report is false; however, the DLR finds that per CCR 3321 confidential memorandums must be reviewed to determine the reliability of the information and must by approved for placement in the central file. The DLR notes that the appellant contends that he may not be validated based upon confidential information alone; the DLR notes that part of the inactive/active review process

SHAMBURGER, D-16530
CASE NO. 0605601
PAGE 2

only requires one point to revalidate the appellant as a gang member. The appellant's arguments are refuted in that the provision of the <u>Castillo</u> settlement were complied with. Therefore, no further relief is deemed appropriate at the DLR.

**B. BASIS FOR THE DECISION:**
CCR: 3023, 3321, 3341.5, 3378, 3378.1, 3378.2

**C. ORDER:** No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, PBSP
      Appeals Coordinator, PBSP

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE:   OCT 1 2 2006

Inmate Harold SHAMBURGER, D-16530
Pelican Bay State Prison
Security Housing Unit
Facility D, Unit 2

RE:   WARDEN'S LEVEL DECISION          APPEAL: **DENIED**
      APPEAL LOG #PBSP-D06-01933       ISSUE:   **ACTIVE/INACTIVE REVIEW**

This matter was reviewed by Warden Robert A. Horel, Pelican Bay State Prison (PBSP). Correctional Sergeant D. Barneburg conducted the Appeal interview at the Second Level of Appeal Review on October 2, 2006.

All submitted documentation and supporting arguments have been considered, including the interview conducted at the Second Level of Review. Additionally, a thorough investigation has been conducted into the claim presented by the inmate and the documentation evaluated in accordance with PBSP's institutional procedures and the California Department of Corrections and Rehabilitation (CDCR) policies.

## ISSUES

Inmate SHAMBURGER challenges the documents which were accepted to continue his active status. He believes that the informants' statements can no longer be accepted as source items, because they are considered "hearsay." Relevant to the reported statements by an informant regarding the Black Guerilla Family (BGF) prison gang's plans to assault prison staff, inmate SHAMBURGER reports that this is uncorroborated and is information placed in the report by prison officials. Inmate SHAMBURGER reported that staff misidentified him as "Rafiki Blackness," and added that he is known as "Bazim." Relevant to another source item, inmate SHAMBURGER reports it is a list of names of petitioners in a claim against living conditions at the prison. Inmate SHAMBURGER claims that the investigator who prepared the report, purposely, left out approximately a thousand other names, including community participants, who also were listed as petitioners. Inmate SHAMBURGER also reports that the third source item accepted for his update is not a roster as alleged; instead, it is a list of individuals involved in class-action complaints with him. Inmate SHAMBURGER requests that he be presented to the Department Review Board (DRB) to determine his suitability for release to the General Population.

## FINDINGS

### I

Inmate SHAMBURGER is a validated *active* member of the BGF prison gang.

### II

During the update, three source items were added to his original validation: Confidential memorandums dated January 31, 2003 and March 29, 2006, and Confidential CDC 128B dated September 8, 2004. Each of the confidential documents was disclosed, via CDC Forms 1030, on March 29, 2006, and provided to inmate SHAMBURGER. On March 31, 2006, the prison investigators attempted to interview inmate SHAMBURGER to obtain his statements to present to the

Second Level Reviewer's Response
Appeal Log #PBSP-D06-01933
Inmate SHAMBURGER, D-16530
Page 2

Law Enforcement and Investigations Unit (LEIU) for consideration. CDC Form 128B dated March 31, 2006, documents that "inmate SHAMBURGER declined to submit a written response and stated he had no statement to make, stating 'I have it in the courts.' SHAMBURGER was cooperative with the taking of photographs for inclusion in the package." The document also states that inmate SHAMBURGER refused to allow his cell to be searched as part of the investigation, and stated, "No, I don't want to participate in that." The CDC 128B dated March 31, 2006, explains the content of the documents, the gang activity, and the relationship of the activity to inmate SHAMBURGER. Although this document was provided to inmate SHAMBURGER, he did not include it as an attachment to his Appeal.

III

The California Code of Regulations (CCR), Title 15, §3378, Documentation of Critical Case Information, Subsection (c), Paragraph (3), identifies the requirements for validation as a member of a prison gang and states, "This identification requires at least three (3) independent source items of documentation indicative of actual membership." At least one validation source must indicate gang activity within the last six years to remain on active status. The authority to review and determine the acceptance or rejection of documents as sources for validation is designated to the Assistant Director of LEIU or a designee. The authority to validate a gang status is explained in Paragraph (6) of the aforementioned section.

IV

The CCR, Title 15, §3023, Gang Activity, Subsection (a), refers to promoting, furthering or assisting gangs as described in Section 3000. That section lists examples of gang activity, stating these "*include planning, organizing, threatening, financing, soliciting, or committing unlawful acts or acts of misconduct classified as serious pursuant to section 3315.*" This is not identified as an exclusive definition of what constitutes gang activity. The CCR, Title 15, §3378, identifies source items that may be utilized for gang identification. Many of the actions associated with those source items could also constitute gang activity, such as placing a gang tattoo, displaying a gang symbol, circumventing regulations to communicate with another inmate who belongs to the same gang, participating in an assault or other violent act with another gang member or against a gang rival, possessing gang rules or membership rosters, etc.

V

Eligibility for inactive status is determined by certain criteria explained in the CCR, Title 15, §3378, Documentation of Critical Case Information, Subsection (M) (e): (1) no evidence of gang activity for a minimum of six years, and (2) the status must be approved by the LEIU. That section states in part, "An inmate housed in a security housing unit (SHU) as a gang member or associate may be considered for review of inactive status by the Departmental Review Board when the inmate has not been identified as having been involved in gang activity for a minimum of six (6) years."

VI

The purpose of the active/inactive review investigation is to identify documented behavior indicating gang affiliation and/or activity to determine if the subject's status should be continued or changed. The process involves reviewing the inmate's Central File to identify any updated information, disclosing any relevant information to the subject, advising the subject of the purpose of the investigation,

Second Level Reviewer's Response
Appeal Log #PBSP-D06-01933
Inmate SHAMBURGER, D-16530
Page 3

interviewing the subject about any documents that may be considered by LEIU during the update, and acquiring any statements from the subject that should be considered by LEIU when doing the review.

## DETERMINATION OF ISSUE

Inmate SHAMBURGER was afforded the investigative process for active/inactive review. The last dated activity among the documents accepted for validation is January 2006. This means that inmate SHAMBURGER will not be eligible for another gang status update until January, 2012. Investigative staff addressed the due process requirements in the CDC 128B dated March 31, 2006, and articulated the gang activity. Inmate SHAMBURGER was afforded an opportunity to address the documents before the decision was made, but refused to submit any response, stating that he already had the matter before the court. Now, during this Appeal process, he wishes to provide an argument for the use of the documents. The LEIU, the validating authority, reviewed the investigation and endorsed the continuation of the active BGF membership status. The institution investigators do not have the authority to change a gang status, nor do they see a reason at this time, which merits recommendation of a reevaluation of inmate SHAMBURGER's case. Based on the above, inmate SHAMBURGER's appeal is **DENIED**.

## MODIFICATION ORDER

No modification of this decision or action is required.

ROBERT A. HOREL
Warden

| | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| **INMATE/PAROLEE APPEAL FORM** CDC 602 (12/87) | PBSP | D06-01933 | 6-8 |
| | 1. _____ | 1. _____ | active/inactive rev |
| | 2. _____ | 2. _____ | CDC 1882 6-7-06 |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| SHAMBURGER | D10530 | | D2-211 |

A. Describe Problem: THIS ADMINISTRATIVE GRIEVANCE (602) CHALLENGES TWO (2) SEPARATE AND DISTINCTIVE CONTENTIONS. THE FIRST BEING THIS APPELLANT HAS BEEN DENIED HIS LIBERTY INTEREST RIGHTS TO A TIMELY/MEANINGFUL 180 DAY REVIEW PURSUANT TO CAL. CODE OF REGS. TIT. 15 SECTION 3341.5(C)(2)(A)(1) AND 3341.5(C)(2)(B)(8)(3)(C)(15). CONTRARY TO CAL. CODE OF REGS. TIT. 15 SECTION 3341.5(C)(4) AND 3378(F)(2) HE HAS BEEN DENIED A DIRECTOR REVIEW BOARD (DRB) REVIEW BETWEEN 2/00 - 3/06; ARGUABLY AN ALLEGED GANG AFFILIATE MAY BE RELEASE FROM THE SHU IF HE IS DESIGNED AS AN INACTIVE GANG AFFILIATE BY THE LAW ENFORCEMENT INVESTIGA UNIT (LEIU) AN INACTIVE DESIGNATION IS IMPOSED IF THE LEIU DETERMINES THAT THE

If you need more space, attach one additional sheet. PRISONERS HAS BEEN FREE FROM GANG ACTIVITY FOR 6 YRS. (CONT

B. Action Requested: THIS APPELLANT REQUESTS THIS 602 BE ADJUDICATED AS SOON AS POSSIBLE AND 2.) THAT HE BE AFFORDED HIS LONG OVERDUE DRB REVIEW FOR GENERAL POPULATION CONSIDERATION AND PLACEMENT.

Inmate/Parolee Signature: _Shamburger_     Date Submitted: 8/7/06

C. INFORMAL LEVEL (Date Received: _____)

Staff Response:

**BYPASS**

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL

If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

**BYPASS**

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim.

CDC Appeal Number:

2ND / I.L.I
AUG 11 2006

First Level   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

Staff Signature _____ Title _____ Date Completed _____
Division Head Approved _____ Returned _____
Signature _____ Title _____ Date to Inmate _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Signature _____ Date Submitted _____

Second Level   ☐ Granted   ☐ P. Granted   ☒ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days). Date assigned: 8/11/06   Due Date: 9/25/06

☒ See Attached Letter

Signature _____ Date Completed: 10/12/06
Warden/Superintendent Signature _____ Date Returned to Inmate: 10/12/06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

Signature _____ Date Submitted _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION   ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter                                                                                    Date: _____

CDC 602 (12/87)

Shamburger #D10530
describe problem (cont.)

This appellant submits that he was validated on 7/3/95 as a Black Guerrilla Family (BGF) prison gang member. The last source item used in his validation indicating gang activity is dated 2/23/93. Moreover the source items used in his validation are all over 13 yrs. old. Thus, this appellant was eligible for a DRB review. See appellant's attached 128B dated 3/29/06.

Next this appellant challenges his 6/7/06 LEIU inactive review and the three (3) source items used in denying him a DRB review. Appellant's source item #1, per Castillo agreement (Castillo v. Alameida no. 94 2847 MSS) CDC can no longer rely on "hearsay" from confidential informants. Informant's must have "personal knowledge" of the confidential info. disclosed. Here the alleged confidential informant alleges that,... "The Black movement was planning assaults against staff identified as part of the Black movement were five identified BGF affiliates to include Rafiki Blackness, (Shamburger). This appellant fails to see where "personal knowledge" comes into play here. This uncorroborated, hearsay statement does not constitute "some evidence" that has "some indicia" of reliability Cato 824 F2d at 705. According to the staff writer. The debriefer did not know the persons he identified as being BGF affiliated. See appellant's attached 1030 form dated 1/31/06. Arguably if he did he would have alleged that the BGF were planning assault against staff. Secondly this was information filled in by prison officials. As was this appellant's name and number w/ the belief that he was Rafiki Blackness. Lastly had this debriefer actually knew this appellant (Harold Shamburger aka Bazim) he would not have confused this appellant w/ Rafiki Blackness. This appellant's source item #2 (written material) while IGI Sgt. Stewart argues this innocuous legal document See appellant's attached 128B dated 3/29/06 amounted to a active BGF prison gang roster, is absurd. This alleged active roster of names and numbers of alleged validated prison gang affiliates - is nothing more than a list of class members, that was attached to a Freedom and Justice Project's petition challenging living and other conditions w/in the SHU for prisoners, serving idet. terms based upon their alleged prison gang validations. Here the process of challenging prison conditions via a group petition is authorized conduct protected by CCR 3084.2(f). What IGI Sgt. Stewart fails to mention here is that there was at least a thousand signatures of people from the streets associated w/ the Freedom and Justice Project's amicus curiea petition calling for immediate court intervention. According to the Castillo agreement this source item does not fall w/in the definition of gang activity. Gang activity is defined as any illegal, unlawful or criminal activity done in the furtherance of the goals of a prison gang. Lastly i'm not responsible for nothing that is not a part of the express intent of the original documents (habeas petition).

Finally, this appellant's source item #3 (written material) is alleged to be a roster which this appellant is listed as (H. Shamburger). This roster is alleged to be a active roster. Because of the corrections and additions were entered by hand w/ the info. edited being entered in the same number sequence. Again prison officials are attempting to take a innocuous legal document and use it as part of the validation process. This appellant submits that he has been a class member in a number of habeas petitions, 42 USC 1983 civil rights complaints and class action complaints. In all of these legal petitions at page 2

There was/is numerous documented prisoner's litigations challenging our confinement and various deprivations under color of law, see appellant's attached habeas petition challenging Pelican Bay's language Ban, that was filed and litigated in Del Norte Superior ct., California Court of Appeals and the California Supreme ct. Lastly what a person does w/ their copy of their petition -- either by correcting the typos, etc, does not make this document anything other than what it initially was (a legal document). Nor does said corrections constitute gang activity as defined by the Castillo agreement.

STATE OF CALIFORNIA  
CDC 128-B-2 (5/95)

DEPARTMENT OF CORRECTIONS

INMATE'S NAME: Harold SHAMBARGER

CDC NUMBER D16530

On December 11, 2003, a CDC 128B2 regarding subject was issued identifying subject as an Active BGF member based upon a gang validation package submitted by Institution Gang Investigator Anderson at PBSP. On March 31, 2006, an Active/Inactive Review was submitted by IGI Stewart at PBSP. The following documents were submitted to UPDATE subject's validation status:"

TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (3)

Item (1) Confidential Memorandum dated 1/31/03 (Debrief)  
Item (2) Confidential Memorandum dated 3/29/06 (Written Material)  
Item (3) Confidential CDC 128B dated 9/8/04 (Written Material)

The following items do not meet the validation requirements and were/shall not be used as a basis for validation:

Item (1) CDC 128B dated 10/7/04 (Staff Information)

TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (1)

---

ACTION OF REVIEWER

Pursuant to the validation requirements established in 15 CCR Section 3378, Harold SHAMBARGER is:

☒ VALIDATED   ☐ REJECTED

as an "Active" member of the Black Guerilla Family prison gang.

| SIGNATURE CHAIRPERSON | SIGNATURE MEMBER | SIGNATURE MEMBER |
|---|---|---|
| M. Ruff | Everett W. Fischer | |
| Printed name | Printed name | Printed name |

DATE: 6-7-06

GANG VALIDATION/REJECTION REVIEW  
GENERAL CHRONO  
LEIU/SSU

DISTRIBUTION:  
Original - Central File  
Copy - Classification & Parole Representative/Parole Administrator I  
Copy - Institutional Gang Investigator/Region Gang Coordinator  
Copy - Law Enforcement Liaison Unit  
Copy - Inmate/Parolee

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS
CDC 128-B-2 (5/95)

INMATE'S NAME: SHAMBURGER, HAROLD                                                      CDC NUMBER: D16530

On 7/2/95, a gang validation package regarding subject was received from Institution Gang Investigator ANDERSON at Pelican Bay State Prison.

TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (11)

The following items meet the validation requirements:

1. Confidential memorandum dated 2/16/90 (Debriefing Reports)
2. Confidential memorandum dated 2/23/93 (Debriefing Reports)
3. Confidential memorandum dated 2/22/93 (Debriefing Reports)
4. Confidential 128B dated 12/4/86 (Informants)
5. CDC 128B dated 2/17/87 (Other Agencies)
6. Confidential memorandum dated 11/4/87 (Debriefing Reports)
7. Confidential memorandum dated 11/16/89 (Debriefing Reports)
8. Confidential memorandum dated 11/6/92 (Debriefing Reports)
9. Confidential memorandum dated 5/18/88 (Debriefing Reports)
10. Confidential memorandum dated 7/3/89 (Informants)

(NOTE: Confidential memorandums dated 12/12/98 and 12/11/98 referenced in a CDC 128B dated 2/2/00 regarding SHAMBERGER'S inactive investigation were not forwarded to LEIU, and therefore not evaluated/used in this validation review)

TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (10)

The following items do not meet the validation requirements and were/shall not be used as a basis for validation:

1. Confidential memorandum dated 11/4/88 (Informants)

TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (1)

GANG VALIDATION/REJECTION REVIEW
(CONTINUED ON REVERSE)                                                                 GENERAL CHRONO
LEIU/SSU

---

ACTION OF REVIEWER

Pursuant to the validation requirements established in 15 CCR Section 3378, HAROLD SHAMBURGER is:

☒ VALIDATED    ☐ REJECTED

as a MEMBER of the BLACK GUERRILLA FAMILY (BGF) prison gang.

_____        _____        _____
CHAIRPERSON              MEMBER                   D.J. Hawkes              DATE: 12/11/03
                                                  MEMBER

James Moreno             Reuben Roman

DISTRIBUTION:
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee 3/30/04

STATE OF CALIFORNIA  
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

# CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER  D-16530          INMATE NAME: SHAMBURGER, Harold

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) Active/Inactive Review _____ submitted by

   G. Stewart  IGI Sergeant _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.
   b) ☐ This source participated in and successfully completed a Polygraph examination.
   c) ☐ More than one source independently provided the same information.
   d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.
   e) ☒ Part of the information provided by the source(s) has already proven to be true.
   f) ☐ Other (Explain) _____

3) Disclosure of information received.

   1. The information received indicated the following: Confidential Memorandum dated January 31, 2003, Debrief. Documented is that in December of 2002, the Black Movement was planning assaults against staff. Identified as part of the Black Movement were five identified BGF affiliates to include Rafiki Blackness (SHAMBURGER). This Confidential Memorandum meets the validation requirements of CCR Section 3378 (c) (8) (M) Debrief.

   (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

   Confidential Memorandum dated 1-31-03 located in the confidential folder of the central file.

Correctional Sergeant G. Stewart IGI                    3-29-06
STAFF SIGNATURE, TITLE                                  DATE DISCLOSED

DISTRIBUTION: WHITE ▭ Central File;  GREEN ▭ Inmate;  YELLOW ▭ Institution Use

STATE OF CALIFORNIA                                                   DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER  D-16530             INMATE NAME:  SHAMBURGER, Harold

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) Active/Inactive Review _____ submitted by

   __G. Stewart  IGI Sergeant_____
                          STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.
   b) ☐ This source participated in and successfully completed a Polygraph examination.
   c) ☐ More than one source independently provided the same information.
   d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.
   e) ☐ Part of the information provided by the source(s) has already proven to be true.
   f) ☒ Other (Explain) The material was confiscated and not solicited by or intended for staff._____

3) Disclosure of information received.

   The information received indicated the following:

   Confidential Memorandum dated March 29, 2006, Written Material. Documented is the confiscation of a numbered BGF roster on which SHAMBURGER is listed as H. SHAMBURGER. A copy of the roster was confiscated from the property of two BGF members and a BGF associate. The rosters were active rosters in that the corrections and additions were entered by hand with the information edited being entered in the same number sequence, also showing active communication throughout the BGF prison gang. This Confidential Memorandum meets the validation requirements of CCR Section 3378 (c) (8) (C) Written Material.

                        (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

   Confidential Memorandum dated 3-29-06 located in the confidential folder of the central file.

__Correctional Sergeant G. Stewart IGI_____     __3-29-06_____
            STAFF SIGNATURE, TITLE                              DATE DISCLOSED

DISTRIBUTION: WHITE ▭ Central File;  GREEN ▭ Inmate;  YELLOW ▭ Institution Use

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER   D-16530                 INMATE NAME:   SHAMBURGER, Harold

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) Active/Inactive Review _____ submitted by

   G. Stewart   IGI Sergeant
   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

   a) ☐ This source has previously provided confidential information which has proven to be true.
   b) ☐ This source participated in and successfully completed a Polygraph examination.
   c) ☐ More than one source independently provided the same information.
   d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.
   e) ☐ Part of the information provided by the source(s) has already proven to be true.
   f) ☒ Other (Explain) The material was confiscated and not solicited by or intended for staff.
   _____

3) Disclosure of information received.

   The information received indicated the following:
   Confidential CDC 128B dated September 8, 2004, Written Material. Documented is the fact that SHAMBURGER's is listed on what amounts to a BGF Roster. Confiscated during a cell search is N.A.R.N. (New Afrikan Revolutionary Nationalism) paperwork. NARN is a group organized by validated BGF member Dewberry, C-35671, and validated BGF member Harvey, C-48884. NARN mirrors the ideology of the BGF, and is merely a new name on the face of BGF gang education tactics. Included is a petition to secure the release of political prisoners, containing a list of BGF affiliates. This is in line with BGF policies of using front organizations in order not to draw attention to the BGF, and is a way to maintain a roster in the guise of a petition. This Confidential CDC 128B meets the validation requirements of CCR Section 3378 (c) (8) (C) Written Material.

   (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _____

   Confidential Memorandum dated 9-8-04 located in the confidential folder of the central file.

   _____          3-29-06
   Correctional Sergeant G. Stewart IGI                     _____
   STAFF SIGNATURE, TITLE                                     DATE DISCLOSED

   DISTRIBUTION: WHITE ⇨ Central File;  GREEN ⇨ Inmate;  YELLOW ⇨ Institution Use