1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

SAN FRANCISCO DIVISION

11

| | |
|---|---|
| **HAROLD B. SHAMBURGER,** | C 07-4597 JSW (PR) |
| Plaintiff, | **[PROPOSED] ORDER** |
| **v.** | **GRANTING DEFENDANTS'** |
| | **MOTIONS TO DISMISS AND** |
| **R. KIRKLAND, et al.,** | **FOR SUMMARY JUDGMENT** |
| Defendants. | |

17    Defendants Cook, Fischer, Foss, Kirkland, McGuyer, O'Neill, Pena, Randolph, Ruff, Smith,

18    and Stewart (Defendants) moved under Federal Rule of Civil Procedure 12(b) to dismiss this 42

19    U.S.C. § 1983 action for failure to exhaust administrative remedies as mandated by the Prison

20    Litigation Reform Act, 42 U.S.C. § 1997e(a).  Defendants also moved under Rule 12(b)(6) to

21    dismiss the claims against them because the claims are barred by the statute of limitations.

22    Finally, Defendants moved under Federal Rule of Civil Procedure Rule 56 for this Court to grant

23    summary judgment on the basis that no genuine issues of material fact are present here, that

24    Defendants are entitled to judgment as a matter of law, and that they are entitled to qualified

25    immunity.

26    **A.    Analysis Concerning the Motion to Dismiss.**

27    Shamburger's allegations seem primarily concerned with his current placement in the

28    Security Housing Unit (SHU), and the reliability of the evidence used to justify his retention in

[Proposed] Order Granting Defs.' Mots. Dismiss & Summ. J.

*Shamburger v. Kirkland, et al.*
C 07-4597 JSW (PR)

1  the SHU.  Because Shamburger was placed in the SHU in 1995, and he filed suit in 2007, any

2  claim besides the issue of his continued SHU housing should be statutorily barred.  Further,

3  Shamburger identifies the administrative remedies related to this matter that he pursued, and

4  these remedies concern only two issues:  (1) that he was denied timely and meaningful 180-day

5  committee reviews concerning his housing, and review by the Director's Review Board for

6  prospective release to the general population; and (2) that the three source items used to

7  determine that he was an active prison-gang member in 2006 were unreliable.  The complaint is

8  therefore confined to these two issues.

9  **B.    Analysis Concerning Meaningful Housing-Committee Reviews and Reliable Evidence.**

10     **1.    Shamburger Fails to Show a Denial of a State-Created Liberty Interest that
        Deserves Due Process.**

11

12     The undisputed evidence shows that between December 2001 and January 2008—a period

13  of roughly six years—Shamburger received fifteen classification-committee reviews concerning

14  his housing, which is three more reviews than the two-per-year requirement.  Further, these

15  committees all documented, in their reviews, that Shamburger refused to appear before them;

16  Shamburger therefore appears ill-equipped to suggest due process was somehow lacking or short.

17     **2.    Reliable Evidence Indicated Shamburger's Continuing Prison-Gang Activity.**

18     Shamburger remains in the SHU because evidence organized and presented to him in 2006

19  demonstrated his continuing prison-gang activity, which threatens the safety and security of

20  prisons, staff, and other inmates.  To determine that an inmate is in a prison gang, leastwise that

21  he remains active with the gang years later, a prison official must merely point to "some

22  evidence" to support the decision justifying segregation in the SHU.  *Toussaint v. McCarthy*, 801

23  F.2d 1080, 1105 (9th Cir. 1986).  Here, three reliable source items indicate Shamburger's active

24  prison-gang participation, as explained in the declaration of Correctional Lieutenant Rice, an

25  Institutional Gang Investigator at Shamburger's prison.

26     Further, Shamburger does not contest that he was able to dispute the validity of this

27  evidence.  Although he declined to dispute the evidence with the gang investigator who presented

28  it to Shamburger, he did exhaust an administrative grievance through the prison system.

[Proposed] Order Granting Defs.' Mots. Dismiss & Summ. J.               *Shamburger v. Kirkland, et al.*
C 07-4597 JSW (PR)

2

1     Because the evidence used to determine Shamburger's continuing prison-gang activity was

2  reliable, and because Shamburger has received all process due, Defendants are entitled to

3  summary judgment and, indeed, qualified immunity.

4     IT IS SO ORDERED.

5

6

7

8  Dated: _____        HONORABLE JEFFREY S. WHITE
                                     United States District Judge

9

10  20130547.wpd

11  SF2008200041

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Order Granting Defs.' Mots. Dismiss & Summ. J.        *Shamburger v. Kirkland, et al.*
C 07-4597 JSW (PR)

3